**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**SYLLA MOUHAMADOU**
**MOUSTAPHA**,

       *Petitioner*,

    v.

**JOHN TSOUKARIS**, *et al.*,

       *Respondents*.

Civil Action No. 26-cv-04137 (CPO)

**ORDER**

---

**THIS MATTER** comes before the Court by way of Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by his "next friend" Amadou Ly ("Ly"). (ECF No. 1); and

**WHEREAS**, Petitioner is a noncitizen who entered the United States in 2023. (*Id.* ¶¶ 7, 29). He has resided in New York since entering the country. (*See id.* ¶ 29). On April 18, 2026,[1] Petitioner was arrested by Immigration and Customs Enforcement officers in Bronx, New York. (*Id.* ¶¶ 4–5). Petitioner is currently detained at Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 5). On April 19, 2026, Ly submitted the Petition on Petitioner's behalf as Petitioner's "next friend," without a filing fee or application to proceed *in forma pauperis*. (*Id.* ¶ 2); and

**WHEREAS**, because Petitioner has failed to pay the filing fee or submit an application to proceed *in forma pauperis*, the Court cannot accept the Petition. A habeas petition "must be filed with the clerk and must be accompanied by: (1) the applicable filing fee, or (2) a motion for leave

---

[1] The Petition designates Petitioner's arrest date as April 18, 2025. (ECF No. 1 at ¶ 4). The Court presumes this is typographical error, and the true arrest date is April 18, 2026.

to proceed in forma pauperis . . . ." Rule 3(a), Rules Governing Section 2254 Cases filed in the United States District Courts (applicable to § 2241 action under Rule 1). "Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered." *Marshall v. N'Diaye*, No. 22-0889, 2022 WL 623497, at *1 (D.N.J. Mar. 3, 2022); and

**WHEREAS**, additionally, Ly cannot bring this action as Petitioner's "next friend." The federal habeas statute requires that a petition for writ of habeas corpus "shall be in writing signed and verified by the person whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242. In limited circumstances, persons unable to prosecute their own action may have third persons—"next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–662 (1990). "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another," *id.* at 163, and "next friend habeas petitions are 'rare,'" *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)); and

**WHEREAS**, here, Ly fails to meet any of the requirements for "next friend" standing. Aside from generally asserting that Petitioner is detained "without access to counsel or the ability

2

to file his own habeas petition," (ECF No. 1 at ¶ 3), Ly does not explain why Petitioner cannot bring this Petition on his own behalf. "Although Petitioner is in immigration detention, Petitioner may file a Petition *pro se*." *Jimenez Osorio v. Dir., Delaney Hall Det. Facility*, No. 26-359, 2026 WL 289521, at *2 (D.N.J. Feb. 4, 2026). Nor is there evidence that Ly is an attorney, and "[a] non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128, n.2 (3d Cir. May 13, 2020). The remaining *Whitmore* factors otherwise remain unaddressed by the Petition. The Court therefore cannot accept the "next friend" Petition as currently presented; and

**WHEREAS**, finally, the precise nature of the relief sought by the Petition is unclear. Petitioner appears to contend that his detention is unlawful because he has not been afforded a bond hearing, presumably based on Respondents' position that he is subject to mandatory detention and ineligible for bond pursuant to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado,* 29 I. & N. Dec. 216 (BIA 2025), which has been rejected by this Court in cases such as *Bethancourt-Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025). (*See* ECF No. 1 at ¶ 7 (alleging that Petitioner has been detained "without a hearing to determine whether this incarceration is warranted")). In any forthcoming amended petition, Petitioner shall make clear the precise nature of his claims and the relief sought; therefore

**IT IS HEREBY** on this 20th day of April, 2026,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter; and it is further

**ORDERED** that Ly's request to pursue this matter as Petitioner's "next friend" is DENIED WITHOUT PREJUDICE. Ly may renew the request upon (1) a submission setting forth allegations and evidence that satisfy the *Whitmore* factors listed above; (2) after hiring an attorney;

3

and (3) filing a counseled motion to proceed as "next friend" within fourteen (14) days of this Order; and it is further

**ORDERED** that, alternatively, Petitioner has fourteen (14) days from the date of this Order to submit a signed and verified petition on his own behalf; and it is further

**ORDERED** that any amended petition filed by Petitioner, or on Petitioner's behalf, shall be accompanied by either the $5 filing fee or a properly completed application to proceed *in forma pauperis*; and it is further

**ORDERED** that the Motion for Temporary Restraining Order, (ECF No. 2), is DENIED AS MOOT without prejudice; and it is further

**ORDERED** that the Court's no-transfer order, (ECF No. 3), shall remain in effect until further order of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank application to proceed *in forma pauperis* upon Petitioner and/or Ly electronically via email and by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is finally

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov.

**CHRISTINE P. O'HEARN**
**United States District Judge**

4