**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SYLLA MOUHAMADOU MOUSTAPHA**, | |
| *Petitioner*, | Civil Action No. 26-cv-04137 (CPO) |
| v. | |
| **JOHN TSOUKARIS**, *et al.*, | **ORDER** |
| *Respondents*. | |

**THIS MATTER** comes before the Court by way of Petitioner's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by his "next friend" Amadou Ly ("Ly"). (ECF No. 5); and

**WHEREAS**, Petitioner is a noncitizen who was arrested by Immigration and Customs Enforcement officers. (*Id.* at 8). Petitioner is currently detained at Delaney Hall Detention Facility in Newark, New Jersey and alleges his detention violates his constitutional rights. (*Id.* at 2, 7–9). On April 19, 2026, Ly filed the original Petition on Petitioner's behalf as Petitioner's purported "next friend," but did not submit either the filing fee or an application to proceed *in forma pauperis* ("IFP Application"). (*See* ECF No. 1 at ¶ 2). Because neither the filing fee nor an IFP Application was submitted, the Court could not consider the Petition and therefore ordered Petitioner to file an amended petition accompanied by either the filing fee or an IFP Application. (*See* Order, ECF No. 4). Additionally, in that Order, the Court noted that Ly could not proceed as Petitioner's "next friend" because there was no "evidence that Ly is an attorney, and '[a] non-attorney cannot represent another party, even if acting as a next friend,'" (*Id.* at 3 (quoting *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128, n.2 (3d Cir. May 13, 2020)). The Court also noted

that the Petition failed to establish that Ly qualified for "next friend" standing under *Whitmore v. Arkansas*, 495 U.S. 149 (1990). (*Id.*); and

**WHEREAS**, an appropriate filing fee accompanied the Amended Petition so the Court may consider it on the merits. *See Marshall v. N'Diaye*, No. 22-0889, 2022 WL 623497, at *1 (D.N.J. Mar. 3, 2022) ("Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered."); but

**WHEREAS**, the Amended Petition still does not show that Ly has standing to file this case on Petitioner's behalf as a "next friend." Even if Ly could meet the requirements for "next friend" status under *Whitmore*, Ly is not a lawyer, and a person who is not a lawyer cannot represent someone else in court, even as a "next friend." *Schlemmer*, 804 F. App'x at 128 n.2. In short, no lawyer has entered an appearance for Petitioner, whether on Ly's instruction or Petitioner's own. For that reason, Ly cannot file a "next friend" petition on Petitioner's behalf without counsel. In addition, the Court is not persuaded that Ly qualifies for "next friend" status as the Amended Petition again fails to address the *Whitmore* factors; therefore

**IT IS HEREBY** on this 23rd day of April, 2026,

**ORDERED** that the United States Attorney's Office ("Office") shall forward directly to Petitioner, by Friday, April 24, 2026 at 5:00 p.m., paper copies of: (1) the Amended Petition, (ECF No. 5); (2) this Order; (3) the form Petition for Writ of Habeas Corpus;[1] and (4) the form Motion for Appointment of Pro Bono Counsel.[2] To the extent Petitioner requires a translator to understand the documents provided, Respondents shall provide one to Petitioner. The Office shall thereafter file, by Friday, April 24, 2026 at 5:00 p.m., a certification from an appropriate official confirming

---

[1] https://www.njd.uscourts.gov/forms/petition-writ-habeas-corpus-under-28-usc-2241.
[2] https://www.njd.uscourts.gov/forms/motion-pro-bono-counsel-pro-se-filing.

that Petitioner has received the documents, has been provided an interpreter if they require one, and is able to access the mail in order to submit any motion and petition; and it is further

**ORDERED** that Petitioner may file *pro se* (without an attorney) a verified amended petition and, if necessary, a motion seeking appointment of pro bono counsel utilizing the forms provided by the Office by Friday, May 8, 2026. If Petitioner wishes to proceed *pro se* or obtains an attorney, a motion for pro bono counsel need not be filed; and it is further

**ORDERED** that, in the alternative, if Ly wishes to continue pursuing this matter as Petitioner's "next friend," they shall have until Friday, May 8, 2026: (1) obtain a lawyer or file a motion for pro bono counsel; and thereafter (2) have that lawyer file an amended petition that explains the claims for relief and includes facts and supporting material showing that Ly qualifies to proceed as Petitioner's "next friend" under *Whitmore*. The failure of Petitioner to file a verified amended petition on their own behalf, or for Ly to obtain an attorney and file an amended petition on Petitioner's behalf, will result in dismissal of this matter without prejudice, and without further notice; and it is further

**ORDERED** that the Court's no-transfer order, (ECF No. 3), shall remain in effect until further order of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner and Ly electronically via email and by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Amended Petition, (ECF No. 5), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is finally

**ORDERED** that the Clerk of the Court shall forward a copy of the Amended Petition, (ECF No. 5), and this Order to the Chief, Civil Division, United States Attorney's Office, at the

following email address: USANJ-HabeasCases@usdoj.gov.

**CHRISTINE P. O'HEARN**
**United States District Judge**

4